**UNITED STATES of America,**
**Appellee,**

v.

**Esteban GONZALEZ, Defendant–**
**Appellant.**

**No. 10–1826–cr.**

United States Court of Appeals,
Second Circuit.

March 24, 2011.

Michael A. Young, New York, New York, for Appellant.

John Jay O'Donnell, Katherine Polk Failla, Assistant United States Attorneys, for Preet Bharara, United States Attorney

for the Southern District of New York, New York, New York, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Esteban Gonzalez appeals from an amended judgment of conviction entered on May 6, 2010 in the United States District Court for the Southern District of New York (Rakoff, *J.*), following a remand from this Court. Gonzalez argues that the district court committed error in ordering that half of his sentence in the instant case be served consecutively to a sentence imposed on him in a separate proceeding. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Under the circumstances of this case, the district judge was authorized to order that Gonzalez's sentence "be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S. Sentencing Guidelines § 5G1.3(c); *see also* 18 U.S.C. § 3584(a). The district court ordered that half of the 210–month sentence be served consecutively to a sentence imposed in a separate proceeding. *See United States v. Gonzalez*, No. 94 Cr. 134(JSR), 2010 WL 1631496, at *1; *see also* No. 00 Cr. 447(DLC), D. Ct. Doc. No. 81. This Court will not disturb a district court's decision as to how a sentence should be served "absent an abuse of discretion." *United States v. Matera*, 489 F.3d 115, 124 (2d Cir.2007) (internal quotation marks omitted).

The record confirms that the district court understood its obligation to make an independent determination as to consecutive sentencing. The district court fulfilled this obligation by conducting a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir.1979), and reasonably exercised discretion to impose a sentence that is concurrent in part and consecutive in part. *See United States v. Velasquez*, 136 F.3d 921, 923–24 (2d Cir.1998). The district court made it clear that it was giving due consideration to the factors set out in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3584(b).

Finding no merit in any of the arguments presented by Gonzalez on appeal, we hereby **AFFIRM** the judgment of the district court.